## NATIONAL MFG. CO. v. BLAKEY.

(Circuit Court of Appeals, Third Circuit. November 28, 1899.)

### Nos. 15, 16.

PATENTS—INFRINGEMENT—THREAD PROTECTORS FOR IRON PIPE.

The Blakey patent No. 311,171, for a thread protector for wrought-iron pipe, which is made by rolling a flat iron bar of iron with longitudinal threads on one side, cutting the same into suitable lengths, and bending each piece into a ring or annulus with the threads on the interior surface, discloses invention, and is valid. Also *held* infringed by two protectors, made and sold by defendant, having rolled threads, and not infringed by a third, in which the threads are made by tapping.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

This was a suit in equity for infringement of a patent. Both parties appeal.

In the circuit court the following opinion was rendered by Buffington, District Judge:

In this case Mildred Blakey, by virtue of patent No. 311,171, of January 27, 1885, seeks to enjoin the manufacture and sale by the respondents of pipe protectors represented by Exhibits 1, 2, and 3. Pipe protectors have been considered by this court in Kurtz v. McDowell, No. 19, May term, 1896, and by the circuit court of appeals of this circuit, McDowell v. Kurtz, 23 C. C. A. 119, 77 Fed. 206, while this particular patent was before us in Blakey v. Kurtz, No. 7, November term, 1896. In view of these cases, and the details of the art therein stated, no general account is here needed. The invalidity of the patent and noninfringement are now relied on. As to the first defense, we see nothing in the record to successfully assail the patent. Of the various patents cited it is sufficient to say that none of them disclose Blakey's invention. He seems to have been the first to show a thread-rolled, as distinguished from a thread-tapped, ring protector. This defense, therefore, is not sustained. In Blakey v. Kurtz, supra, we had occasion to pass on a question of infringement of this patent. The alleged infringing device had two threads at the outer edge of the ring, and thus flanked an open, intermediate channel. Such channel constituted a material and functional departure from the full thread-faced device disclosed in Blakey's patent, and the device was held not to infringe. Types 2 and 3, now before us, have no such open channel or web, and therefore present a question different from the one then before the court. Whatever general language was used in discussing the then question, the present infringement was not involved, and we regard the question of infringement of said two types as still an open one. In both of them the threads are initially formed by rolling, and in neither is found what in this art is to be functionally regarded as an open web or channel. In form, it is true, they differ from the full-faced, thread-rolled annulus of the Blakey ring, in that certain threads are omitted at regular spaced distances across the entire face; but in substance they are the same. No functional difference or purpose is secured by these intermediate narrow breaks in thread continuity. The mode of initial attachment is the same. After attachment they protect the pipe in the same way. It would, therefore, seem they are left out for no purpose but to avoid literal and exact identity with Blakey's device. Such being the case, it would seem they should be adjudged to infringe, unless the

patentee has so narrowly restricted his claim as to limit him to an exact, literal copy thereof. We are free to say in our opinion in Blakey v. Kurtz, supra, we made use of general language which gives countenance to such a view, but such language must be considered with reference to the question then before the court. The open web or channel, placed there for a new functional purpose, constituted a different functional device from Blakey's invention, and we therefore held that the flanking threads on either side of a functional channel did not constitute "a series of parallel independent threads," as claimed by Blakey. But it by no means follows that an infringer who omits here and there a few threads, not for any functional purpose,—who changes exact form, but retains substantial substance,—should thereby escape. Now, it is true types 2 and 3 do not have a single, continuous thread, extending through the entire ring surface; but wherever the thread appears it is in the line of the regular spiral path, and the occasional break of thread continuity makes no difference in functional effect from that of a continuous thread; nor is it either of such size or position as to secure the functional effect of an open channel. To allow an infringer to escape infringement by such an omission would be to make substance of shadow. The addition of an outer shoulder or flange on No. 3 simply serves as a cap or lock, and in no way affects the thread function. Being of opinion, therefore, that types 2 and 3 are, in substance and effect, the Blakey ring, they will be held to infringe. Type No. 1 presents a different question. In it a strip is first rolled, having four flat-faced projections, one at each edge and two in the middle space. These projections are not rolled threads, and are not, and from their width and rectangular shape cannot be, used as threads. The strip is bent into a ring, after which it is tapped, and threads cut on the surface of the projections, viz. four threads on the outer one and two on each of the others. In form and substance this is but the full-threaded, old-styled tapped coupler of the art, with some intermediate threads left out to lessen the wear, tear, and expense of tapping. It has no threads "formed on its inner surface, substantially as and for the purpose described," as in the Blakey patent. It has no rolled threads whatever, and in no way embodies the invention disclosed by Blakey. It simply uses channeled-rolled, flat-faced, projections as seats for tapping threads. We are, therefore, of opinion the charge of infringement is not sustained in type No. 1. Let a decree be prepared in accordance with this opinion.

Marshall H. Christy, for plaintiff Mildred Blakey.

Edward A. Lawrence, for defendant National Mfg. Co.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. By the decree of the court below it was declared that the patent sued upon, namely, patent No. 311,171, dated January 27, 1885, issued to Mildred Blakey, for a thread protector for wrought-iron pipe, is good and valid, and it was thereby further found and adjudged that the defendants had infringed that patent by constructing and selling thread protectors for wrought-iron pipe, substantially identical, respectively, with the complainant's exhibit defendants' ring No. 2, and the complainant's exhibit defendants' ring No. 3, but that the manufacture and sale by the said defendants of thread protectors for wrought-iron pipe, substantially identical with the complainant's exhibit defendants' ring No. 1 did not constitute an infringement thereof. Accordingly the bill was sustained, and the usual relief awarded with respect to ring No. 2 and ring No. 3, but as to ring No. 1 the bill was dismissed. Thereupon the respondents appealed from so much of the decree as was adverse to them, and the complainant from so much thereof as related to complainant's exhibit defendants' ring No. 1.

But after full examination of the record, and upon careful consideration of the arguments of counsel, we have reached the conclusion that the action of the court below was right in every particular; and this conclusion, we think, is sufficiently supported by the opinion which was filed by the learned district judge. The decree of the circuit court is in all things affirmed, and it is now further ordered and decreed that the costs of the respective appeals shall in each instance be paid by the party appellant.